IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KENNETH BROWN | § | |
|---|---|---|
| Plaintiff, | § | |
| VS. | § | NO. 3-10-CV-0896-N |
| JUDGE LENA LEVARIO, ET AL. | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Kenneth Brown, a Texas prisoner, against his former lawyer and a state district judge. On March 30, 2010, plaintiff tendered a civil rights complaint to the district clerk.[1] However, he did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. The court notified plaintiff of this deficiency on May 7, 2010. Written interrogatories were also sent to plaintiff in order to obtain additional information about the factual basis of his claims. Plaintiff was ordered to either pay the filing fee or seek leave to proceed *in forma pauperis* and to answer the interrogatories within 20 days, or his complaint would be

---

[1] Plaintiff filed this action in the Lufkin Division of the Eastern District of Texas. The case was transferred to the Dallas Division of the Northern District of Texas on April 5, 2010. *Brown v. Levario*, No. 9:10-cv-43 (E.D. Tex. Apr. 5, 2010).

dismissed. *See* Order, 5/7/10. No corrective action was taken by plaintiff. On June 2, 2010, the court gave plaintiff another 20 days to either pay the filing fee or seek leave to proceed *in forma pauperis* and to answer the interrogatories. Plaintiff was reminded that his failure to comply with the court's order "may result in the imposition of sanctions, including dismissal of this action for want of prosecution." *See* Order, 6/2/10. That order also was ignored.

The court subsequently learned that plaintiff had been transferred from the Middleton Unit of the TDCJ-CID to the Stevenson Unit of the TDCJ-ID.[2] On July 2, 2010, another deficiency notice was sent to plaintiff at his new address. The order instructed plaintiff to either pay the filing fee or seek leave to proceed *in forma pauperis* and to provide written interrogatory answers within 20 days, or his case would be dismissed for want of prosecution. *See* Order, 7/2/10. Plaintiff has not responded to that order. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser

---

[2] Plaintiff did not provide the court with notice of his change of address as required by the form civil rights complaint. (*See* Plf. Compl. at 2) ("It is your responsibility to inform the Court of any change of address and its effective date.").

sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has not paid the statutory filing fee or sought leave to proceed *in forma pauperis*. Nor has he answered written interrogatories propounded by the magistrate judge. Plaintiff was notified of these deficiencies three different times over the past three months. Each time he was warned that the failure to pay the filing fee or seek leave to proceed *in forma pauperis* and his failure to answer the interrogatories would result in the dismissal of his case. All three orders have been ignored. Under these circumstances, dismissal is clearly warranted. *See Montfort v. State Bar of Texas*, No. 3-08-CV-0514-G, 2008 WL 2389809 at *1 (N.D. Tex. Jun. 11, 2008) (dismissing *pro se* civil action without prejudice where plaintiff failed to comply with two court orders requiring him to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*).

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 28, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE